Birdie Amsterdam, J.
Defendants move for dismissal of the complaint for legal insufficiency or, in the alternative, for an order pursuant to rule 90 of the Buies of Civil Practice requiring the service of an amended complaint which will separately state and number each separate cause of action of each plaintiff against the respective defendants, or for further alternative relief, pursuant to rule 102, making the complaint more definite and certain in certain stated respects,
*876 It is alleged in the complaint that on May 6, 1957 plaintiff Crown-Peters Travel Service, Inc. was organized and since that time has been engaged in the travel agency business. Plaintiff corporations are well known among Greek people and descendants of Greek origin, and particularly among those who travel to and from the United States and Greece. Prior to May 6, 1957 Loucas & Peters Travel Agency, Inc. maintained its principal office at 301 West 41st Street, New York City. Prior to and from May 6, 1957, and until January 30, 1958, the defendant Chris Peters was an officer, stockholder, director and employee of Crown-Peters Travel Service, Inc., was in a position of confidence and had access to its books and records, and acquired its business secrets and client listings. Prior to the formation of Crown-Peters Travel Service, Inc., defendant Chris Peters was an officer, stockholder, director and employee of Loucas & Peters Travel Agency, Inc., and likewise was in a position of confidence and access and acquired the business secrets and client listings. On January 30, 1958, defendant Chris Peters disposed of his interest in the plaintiff Crown-Peters Travel Service, Inc. to another, and on February 3, 1958 he disposed of his interest in Loucas & Peters Travel Agency, Inc. to Crown-Peters Travel Service, Inc. On his transfer of his interest in Crown-Peters Travel Service, Inc. to a third party, the defendant represented that he will not engage in the travel business agency in the City of New York because of confusion of name. Immediately thereafter the defendant Chris Peters, together with other unnamed persons, organized the defendant Peters Tours, Inc., which engages in the travel agency business among persons of Greek ancestry and origin in the City of New York, and the defendant has its office at 301 West 41st Street, New York City, the former address of the Loucas & Peters Travel Agency, Inc. It is then alleged that the defendants Chris Peters and Stavros Loucas were aware of the fact that plaintiffs had been and were engaged in the travel agency business under their respective names and that such names were known by the public as being those of the plaintiffs. In the conduct of their business the defendants have advertised in many Greek publications, have held themselves out as “Loucas & Peters”, formerly of Loucas & Peters Travel Agency, Inc., and have returned to their old address, thus misleading the public to believe that the business conducted at 301 West 41st Street is the business of Loucas & Peters Travel Agency, Inc.
The action is in unfair competition, and by reason of the facts and circumstances as alleged, the cause of action based upon that theory is sufficient. There is a disclaimer of intent to charge *877 breach of any covenant not to do business or of any confidential relationship. Any allegation contained in the complaint which may relate to these subjects is furnished as background only, and not as basis for relief. Nor is there any need for the separate statement and numbering of causes. The allegations of the complaint are clear and unambiguous in their import and meaning, and require no restatement.
The motion is denied in all respects.